IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Bankruptcy No. 11-24516-CMB |
| ) | |
| BUENA VISTA OCEANSIDE, LLC, ) | Chapter 11 |
| Debtor. ) | |
| ) | Related to Doc. No. 664 |
| ) | |
| OPTIMUMBANK, ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| BUENA VISTA OCEANSIDE, LLC, ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

The matter before the Court is Movant's, OptimumBank's, *Motion to Enforce Stipulation* ("Motion") wherein Movant requests that this Court enforce a previously entered confirmation order and stipulation to compel Debtor-Respondent, Buena Vista Oceanside, LLC, to dismiss counterclaims filed against Movant in separate litigation. Debtor counters, in part, that the within Court lacks jurisdiction to decide the Motion[1].

---

[1] This Court has jurisdiction to assess whether or not it possesses subject matter jurisdiction to adjudicate the within Motion. *See BWI Liquidating Corp. v. City of Rialto (In re BWI Liquidating Corp.)*, 437 B.R. 160, 163 (Bankr.D.Del.2010).

Factual & Procedural History

On or about November 30, 2005, Movant loaned Debtor $4,368,000.00, evidenced by a promissory note.  As security for the promissory note, Debtor executed a Mortgage Deed and Security Agreement, also dated November 30, 2005, granting Movant a first in priority mortgage lien against certain realty owned by Debtor. After Debtor defaulted on the mortgage payments, on April 19, 2011, Movant instituted an action in mortgage foreclosure against Debtor and Frank Zokaites, as Guarantor, in the Circuit Court of the 17th Judicial Circuit in Broward County Florida ("Florida Court") identified as Case No. 11-9159 ("Florida Litigation").

Debtor commenced the within bankruptcy case by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code on July 20, 2011.  Shortly thereafter, on August 8, 2011, Debtor filed a motion to convert the case to one under Chapter 11 of the Code, which was granted by the Honorable Bernard Markovitz on August 9, 2011.  Due to the conversion, the case was reassigned to the Honorable Judith K. Fitzgerald on August 9, 2011.

Movant filed a Proof of Claim in the instant case on September 1, 2011, in the amount of $4,977,984.70. Debtor objected to said Proof of Claim on October 18, 2011.  Following a valuation trial held April 9-10, 2012, Judge Fitzgerald held that Movant had an allowed secured claim of $2,238,182.63 and an allowed unsecured claim of $2,739,802.07.

Debtor filed an adversary proceeding against Movant, docketed as Adv. No. 11-02514-JKF, on October 17, 2011, asserting breach of fiduciary duty, fraud and misrepresentation, promissory estoppel, and violation of RESPA.  Following the hearing held before Judge Fitzgerald on January 3, 2012, the complaint in the adversary proceeding was withdrawn with prejudice.

On November 5, 2012, the Florida Court granted Debtor's motion to stay the Florida Litigation pending the conclusion of the bankruptcy case before Judge Fitzgerald.[2] A Confirmation Order, confirming Debtor's Fifth Amended Plan of Reorganization dated March 11, 2013 and Fifth Amended Disclosure Statement, was entered by Judge Fitzgerald on May 29, 2013, with the consent of both Debtor and Movant. The Confirmation Order incorporated the terms of a Stipulation between Debtor and Movant[3], attached to the Confirmation Order, regarding treatment of Movant's secured claim.

The Confirmation Order held, in part, that:

> Neither the Plan, the Disclosure Statement, this Confirmation Order (including the Exhibits attached hereto), the Stipulation, nor these proceedings shall affect any possible defenses, claims or rights of the Debtor, the Trust, Frank Zokaites or Optimum in any other forum including, but not limited to, the action filed by Optimum at Case No. 11-9159 in the Circuit Court of the 17th Judicial Circuit, in and for Broward County Florida (the "Florida Action").

The Stipulation stated, in part, that Frank R. Zokaites, as Guarantor,

> . . .acknowledges that nothing contained in this Stipulation, the Plan or the Confirmation Order shall affect in any way the Florida Action as it pertains to the Guarantor, . . . and provided further, that Optimum and the Guarantor reserve all of their respective rights, defenses and claims in the Florida Action.

Further, the parties to the Stipulation agreed that the Stipulation ". . . shall be made a part of the order confirming the Plan and shall supersede any conflicting terms in the Plan." Additionally, it was provided under paragraph 36 of the Stipulation that the United States Bankruptcy Court for the Western District of Pennsylvania would retain jurisdiction over the Stipulation.

On March 28, 2014, the Florida Court entered an order lifting the stay on the Florida Litigation. On May 28, 2014, Debtor filed its answer, affirmative defenses, and counterclaims in

---

[2] *See Order Denying Defendant Buena Vista's Motion to Re-Impose Stay of Proceedings* filed in the within bankruptcy case as Exhibit "D" to Doc. 680.
[3] Other parties to the Stipulation include Transamerican Trust and Frank R. Zokaites.

the Florida Litigation.[4] On August 11, 2014, Movant filed a motion to dismiss Debtor's counterclaims.[5] Specific to Debtor, the *Lender's Motion to Dismiss Counterclaim of Buena Vista Oceanside* sought dismissal of the counterclaims on the basis that the same claims had been raised in the adversary proceeding filed during the bankruptcy (11-2514-JKF) which Debtor withdrew with prejudice on January 3, 2012. Movant argued that said claims were thus barred by the doctrines of res judicata and collateral estoppel. A hearing on the motion was ultimately set for February 10, 2015.

On September 22, 2014, Debtor filed a motion to re-impose the stay in the Florida Litigation. In rendering its decision[6] denying Debtor's motion, the Florida Court noted that at the hearing held on the motion on January 15, 2015, Movant argued against re-imposing the stay on the basis that the "Confirmation Order resolved all issues between Plaintiff and Defendants. . ." and therefore, stay was inappropriate. Movant iterated this stance in its *Plaintiff OptimumBank's Response to Defendants' Motion to Re-Impose Stay of Proceedings* ("Response to Motion to Re-Impose Stay") wherein Movant argued for denial of the request to re-impose stay on the basis that the Debtor's bankruptcy case was substantially concluded, with no remaining issues between Movant and Debtor; that there was no stay pending in the Bankruptcy Court which would prevent the Florida Litigation from moving forward; and further, that both Zokaites and Debtor had placed the matters at issue in the Florida Court and, in doing so, acknowledged that the claims between the parties could proceed there. The Florida Court agreed

---

[4] Zokaites had previously filed his amended answer, affirmative defenses, and counterclaims separately on May 23, 2014, to which Movant filed motions seeking to dismiss his counterclaim and strike his fourth and fifth defenses on July 2, 2014. *See OptimumBank's Motion to Dismiss Counterclaim of Frank Zokaites* and *OptimumBank's Motion to Strike Fourth and Fifth Affirmative Defenses of Frank Zokaites* filed as part of Exhibit "B" to Doc. 680.
[5] *Lender's Motion to Dismiss Counterclaim of Buena Vista Oceanside*, attached as Exhibit "A" to Doc. 680.
[6] *See Order Denying Defendant Buena Vista's Motion to Re-Impose Stay of Proceedings* attached as Exhibit "D" to Doc. 680.

with Movant's position, holding in its February 4, 2015 *Order Denying Defendant Buena Vista's Motion to Re-Impose Stay of Proceedings*:

> After a careful review, the court determines that there is no legal basis upon which to reinstate the stay in the instant action. Under Florida law, a bankruptcy court's confirmation order is a final judgment as to those affected parties. *See Northcutt v. Bryan*, 775 So. 2d 976, 978 (Fla. 4th DCA 2000). Moreover, after a review of the record, the Confirmation Order, and corresponding filings made in the Bankruptcy Proceeding that were submitted to this Court, the filings made in the Bankruptcy Proceeding that were submitted to this Court, the court determines that there is nothing that precludes this Court from adjudicating the claims in the instant action. Therefore, the instant motion to re-impose stay is denied. [footnote omitted].

At the hearing on the *Lender's Motion to Dismiss Counterclaim of Buena Vista Oceanside*, held together with Movant's motion to dismiss Zokaites' counterclaims on February 10, 2015, counsel for Movant asserted on the record:

> But it's our position that all of the rights, of the debtor have been resolved, the debtor being the borrower, were resolved in the bankruptcy and no claims really remain. This Court has the ability, therefore, to determine that all of the claims, of the borrower, are res judicata, based on the dismal[sic] of those claims in the bankruptcy.[7]

Moreover, at the February 10, 2015 hearing, counsel for Movant stated that Movant would have no objection to granting leave to amend the defendants', Debtor's and Zokaites', respective counterclaims.

Although the outcome of the *Lender's Motion to Dismiss Counterclaim of Buena Vista Oceanside* is not a matter of record with this Court, Debtor averred in its response to the Motion, that the Florida Court denied Movant's res judicata claims and rejected the argument that

---

[7] *See* Transcript "Lender's Motion to Dismiss Counterclaim of Buena Vista Oceanside and OptimumBank's Motion to Dismiss Counterclaim of Frank Zokaites," attached as Exhibit "E" to Doc. 680 at pg. 8.

Debtor's claims had been fully dismissed by the Bankruptcy Court.[8] Movant has not contested this assertion.

On May 27, 2015, Debtor and Frank Zokaites filed amended counterclaims against Movant in the Florida litigation.[9] On July 23, 2015, Movant filed the within Motion seeking an order enforcing the terms of the Stipulation and Confirmation Order, as well as directing Debtor to dismiss its counterclaims in the Florida Litigation.

Pursuant to the Motion, Movant avers that Debtor's pursuit of the amended counterclaims amounts to an attempt to "circumvent the obligations to which it became consensually bound[,]" under the Stipulation. Movant rejects Debtor's argument that Debtor's right to assert counterclaims was preserved by the Confirmation Order since the counterclaims were already dismissed with prejudice by the Court via the dismissal of the adversary proceeding. Moreover, Movant argues that the Stipulation fully resolved all of the claims of the parties thereto, including Debtor. Therefore, Movant requests that the Court enter an order enforcing the Stipulation and Confirmation Order and directing Debtor to voluntarily dismiss the counterclaims asserted in the Florida Litigation. Movant asserts that this Court retains jurisdiction to enforce the terms of the Stipulation.

In opposition to the relief requested, Debtor avers in its Response that Movant is engaging in forum shopping, that the Motion is barred by res judicata and judicial estoppel, that Movant seeks an outcome which would violate the Full Faith and Credit Clause, that the underlying claims are non-core state law claims and therefore the Bankruptcy Court lacks jurisdiction, and that it is unambiguous that Debtor preserved its claims. Accordingly, Debtor

---

[8] *See Response in Opposition to OptimumBank's Motion to Enforce Stipulation and Request for Sanctions* ("Response"), pg. 6
[9] Counterclaims included allegations of breach of fiduciary duty, fraud and misrepresentation, negligent misrepresentation, constructive fraud, action for declaratory judgment, violation of Florida's usury laws, a claim for damages under the Fair Credit Reporting Act, and defamation.

seeks denial of the Motion and further requests sanctions due to Movant's filing of the within Motion.

At the hearing held on the Motion on August 25, 2015, this Court requested that the parties address the issue of whether this Court has jurisdiction to decide the Motion and provided an opportunity for the parties to submit briefs on or before September 15, 2015. On September 15, 2015, Movant filed its *Supplemental Brief Regarding this Court's Jurisdiction to Interpret and Enforce Stipulation and Confirmation Order.* Debtor filed a *Brief in Support of Debtor's Response in Opposition to OptimumBank's Motion to Enforce Stipulation and Request for Sanctions.*

Before examining the merits of the Motion, this Court will first address whether this Court has jurisdiction to decide the within Motion.

<u>Applicable Standard & Discussion</u>

As this Court previously set forth in its *Memorandum Order* dated August 25, 2014, addressing this Court's jurisdiction to hear Debtor's adversary proceeding docketed as 14-02078-CMB,

> "Federal courts are presumed not to have jurisdiction without affirmative evidence . . ." and thus, the burden of establishing jurisdiction falls on the party asserting its existence. *Nuveen Mun. Trust ex rel. Nuveen Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012).
>
> > Congress has vested "limited authority" in bankruptcy courts. Bankruptcy courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes. There are significant restrictions on what functions can be constitutionally delegated to these courts. "[T]he source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157."
>
> *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004)(citations omitted).

Pursuant to 28 U.S.C. §1334, the district court is granted original and exclusive jurisdiction over all cases under title 11, as well as original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. *See* 28 U.S.C. §1334(a)-(b). Section 157 of United States Code permits each district to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges of their respective district. *See* 28 U.S.C. 157(a). District courts routinely refer most bankruptcy cases to bankruptcy courts. *In re Resorts Int'l, Inc.* 372 F.3d at 162.

Pending referral from the district court, four types of title 11 matters potentially fall within a bankruptcy court's jurisdiction: "'(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.'" *In re Resorts Int'l, Inc.*, 372 F.3d at 162 (citations omitted). The first three of these types of matters are referred to as "core" proceedings; matters for which a bankruptcy court has full adjudicative powers, subject to review, under to 28 U.S.C. §157(b)(1). *See In re Resorts Int'l, Inc.*, 372 F.3d at 162. Conversely, the fourth type of title 11 matters, proceedings related to a case under title 11, are known as "non-core" proceedings and a bankruptcy court's authority to adjudicate these matters is limited to submitting proposed findings of fact and conclusions of law to the district court for review *de novo* and entry of a final order/judgment. *Id.*; *See also* 28 U.S.C. § 157(c)(1). Despite the distinction, determination of whether a proceeding is "core" or "non-core" is unnecessary for the evaluation of subject matter jurisdiction. *In re Resorts Int'l, Inc.*, 372 F.3d at 163. Instead, the Court must only focus on whether a proceeding is "related to" the bankruptcy case; the broadest means of obtaining bankruptcy jurisdiction. *Id.*

The general test for whether an action is "related to" a bankruptcy proceeding was set forth in *Pacor, Inc. v. Higgins*, which held that a matter is "related to" a bankruptcy case if "'the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Nuveen*, 692 F.3d at 294 (citations omitted). However, the applicability of the *Pacor* test is complicated if the relevant action has been brought post-confirmation of a bankruptcy plan. *See Nuveen*, 692 F.3d at 294.

As observed in *Nuveen*, the jurisdiction of the bankruptcy court decreases following confirmation of a case creating problems with respect to retention of bankruptcy jurisdiction. *Id.* ". . . At the most literal level, it is impossible for the bankruptcy debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred." *Id.* (*quoting In re Resorts Int'l, Inc.,* 372 F.3d at 164-65). However, bankruptcy courts within the Third Circuit have been reluctant to apply the *Pacor* test so strictly as to completely eliminate post-confirmation jurisdiction. *In re Resorts Int'l, Inc.,* 372

> F.3d. at 165. Instead, courts, including the United States Court of Appeals for the Third Circuit, have found that retention of jurisdiction by a bankruptcy court is appropriate "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement. . ." *Id.* at 168-169.

*Buena Vista Oceanside, LLC v. Holistix 24, Inc. et al, (In re Buena Vista Oceanside, LLC)*, No. ADV 14-02078-CMB, 2014 WL 4230891, at *1-2 (Bankr. W.D. Pa. Aug. 25, 2014).

Moreover, the mere entry of an order does not automatically preserve jurisdiction over all potential issues related thereto. *See General Motors Corp. v. Krystal Cadillac-Oldsmobile-GMC Truck, Inc. (In re Krystal Cadillac-Oldsmobile-GMC Truck, Inc.)*, 371 B.R. 49, 54 (Bankr. M.D. Pa. 2006). Whether a bankruptcy court has jurisdiction to adjudicate a particular matter is controlled by 28 U.S.C. §1334 and 28 U.S.C. §157. *Id.* The same applies for retention of jurisdiction clauses. *See In re Resorts Int'l, Inc.,* 372 F.3d at 161 ("If there is no jurisdiction under 28 U.S.C. § 1334 or 28 U.S.C. § 157, retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant.").

Movant argues that the within Court possesses jurisdiction over the Motion based on a bankruptcy court's inherent retention of subject matter jurisdiction to resolve post-confirmation matters, the retention of jurisdiction clause included in paragraph 36 of the Stipulation, and/or a bankruptcy court's authority to enforce prior orders of court. However, as set forth above, retention of jurisdiction pursuant to any of these theories is not clear-cut.

Under *Resorts,* in order for the Movant to succeed on its argument that the within Court possesses subject matter jurisdiction based on its inherent ability to resolve post-confirmation matters, the Movant must demonstrate that the Motion has a "close nexus to the bankruptcy plan or proceeding," by showing that the instant matter "affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan . . . ." On its face, the within

Motion, filed as a motion to enforce the Stipulation, appears to fall squarely within the Court's post-confirmation jurisdiction as its title purports to affect the interpretation of the Stipulation, an integrated part of the Confirmation Order. However, upon closer review, it is clear that the relief sought by the Movant in the Motion amounts to more than a simple request for enforcement or interpretation of the Confirmation Order and Stipulation. Movant is not simply asking the Court to explain the meaning behind a phrase or terminology employed by the Court in rendering an order, or for enforcement of a deadline set therein. Instead, the substance of the Motion asks this Court to assess which claims and/or rights the Debtor preserved for future prosecution pursuant to the language included in the Confirmation Order and Stipulation by determining the effect of prior orders of court, specifically the January 3, 2012 order withdrawing Debtor's adversary proceeding with prejudice.[10] Consequently, as written, the Motion does not seek an interpretation of the Confirmation Order and Stipulation, which appear plain on their faces, but instead seeks a determination as to the res judicata and/or collateral estoppel effects of the January 3, 2012 order withdrawing the adversary with prejudice. Thus, the analysis required to adjudicate the Motion goes beyond a mere interpretation of the Confirmation Order and Stipulation and does not come within the post-confirmation jurisdiction afforded to a bankruptcy court for matters affecting the interpretation of a confirmed plan or incorporated litigation trust agreement.

       Similarly, due to the necessity to analyze the res judicata and/or collateral estoppel effects of the January 3, 2012 order to decide the Motion, the Court lacks jurisdiction under the

---

[10] The January 3, 2012 *Order Regarding Motion to Dismiss Complaint* provides that: "AND NOW this 3[rd] day of Jan[.], 2012, upon consideration of the Motion to Dismiss Complaint filed by Defendant OptimumBank in the above-captioned adversary proceeding, it is hereby ORDERED, ADJUDGED and DECREED that said Motion is MOOT, and the Complaint filed by Plaintiff Buena Vista Oceanside, LLC is withdrawn with prejudice."

remaining two theories set forth by the Movant as adjudication of the Motion goes beyond enforcement of prior orders of court and is not limited to the Stipulation.

Further, to the extent that an interpretation of the Confirmation Order and Stipulation is necessary to resolve the within matter as is averred by Movant, the Court notes that as both the Confirmation Order and Stipulation were drafted by the parties themselves, appear plain on their faces, and were entered by a preceding Judge, this Court has no advantage over the Florida Court in interpreting either order. This Court has no greater insight into the intentions of the Movant and Debtor in drafting, or the prior Court in adopting, the Confirmation Order and/or Stipulation. Moreover, this Court agrees with the Florida Court's assessment that there is nothing that prevents the Florida Court from adjudicating the claims as set forth in the Florida Litigation.

Based on the foregoing, this Court finds that it lacks jurisdiction to adjudicate the within Motion and further, that the Florida Court, as a court of competent jurisdiction, is the appropriate court to resolve this matter.

In the alternative, even if it were determined that this Court does have jurisdiction to resolve the within Motion, the Court notes that it would discretionarily abstain from rendering such a decision in accordance with 28 U.S.C. §1334(c)(1).

The Court has "considerable latitude in deciding whether to abstain." *Winnecour v. Taylor (In re Taylor)*, 444 B.R. 534, 536 (Bankr.W.D.Pa. 2011). In making this decision, courts within this jurisdiction have, in the past, looked at twelve factors to determine whether discretionary abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main

> bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.

*In re Taylor*, 444 B.R. at 536-37(citation omitted). No one factor of the enumerated twelve is necessarily determinative. *Taylor*, at 537.

In the within matter, this Court's position that abstention is appropriate is largely influenced by the presence of the ongoing litigation in the Florida Court and the cessation of the bankruptcy estate. As detailed above, following entry of the Confirmation Order and Stipulation, as well as the subsequent lifting of the stay by the Florida Court, the parties have engaged in substantial and continuing activity in the Florida Litigation. In contrast to this activity, and as observed by the Movant itself in its pleadings filed with the Florida Court, the bankruptcy case before this Court has been substantially concluded and, until the within Motion was filed, no issues remained between the Movant and Debtor pursuant thereto. Thus, the fourth factor weighs heavily in favor of abstention. Moreover, since the bankruptcy estate ceased to exist in this case as of the time of entry of the Confirmation Order, abstention by this Court in relation to the within Motion will have no discernable effect on the "efficient administration of the estate" causing the first factor to also weigh in favor of abstention.

With respect to fifth factor, in the event that this Court does possess jurisdiction to decide the Motion, the Court finds that any jurisdictional basis to adjudicate the Motion is insufficient to tip this Court's findings away from abstention.

In conjunction with the finding that this Court lacks jurisdiction to decide the Motion, discussed above, this Court also observes that the Motion does not possess a minimal degree of

12

relatedness to the main case since the Motion bears no effect on the interpretation of the confirmed plan, but instead, in substance, seeks a determination of the res judicata and/or collateral estoppel effects of the January 3, 2012 order. These effects are controlled by state law and are easily severed from core bankruptcy matters. Thus, the second, sixth, seventh, and eighth factors weigh in favor of abstention.

Further, it is the opinion of this Court that the filing of the Motion in this Court may have been motivated, at least in part, by forum shopping. Since the filing of the Debtor's original counterclaims, Movant consistently asserted that the Florida Court was the appropriate court to adjudicate the matters arising thereto and purposely availed itself to the Florida Court for relief. In fact, Movant actively contested Debtor's averments that the within Court was the appropriate Court to decide Movant's motion to dismiss. It was not until the Movant suffered an adverse ruling with respect to its motion to dismiss Debtor's counterclaims that Movant sought relief from this Court. Accordingly, the tenth factor supports this Court's determination that abstention is appropriate.

Based on the foregoing, this Court alternatively finds that abstention is appropriate in the event that this Court possesses jurisdiction to decide the within Motion.[11]

Conclusion

For the foregoing reasons, the Court refrains from resolving the *Motion to Enforce Stipulation* ("Motion"). The analysis required to adjudicate the within Motion falls outside the bounds of this Court's post-confirmation jurisdiction. However, in the event that it is determined that such jurisdiction to decide the Motion is held by this Court, this Court abstains pursuant to

---

[11] Although no determination has been made with respect to the third, ninth, eleventh, and twelfth factors, even if this Court were to find that said factors weigh in favor of retention of jurisdiction, said factors would be insufficient to overcome the remaining factors' weight in favor of abstention.

28 U.S.C. §1334(c)(1). Therefore, the Motion is dismissed.[12] An appropriate Order will be entered consistent with this Memorandum Opinion.

Dated: September 22, 2015
/s/ Carlota M. Böhm
Carlota M. Böhm
United States Bankruptcy Judge

MAIL TO:
United States Trustee
Jeffrey A. Hulton, Esq.
Timothy P. Palmer, Esq.

---

[12] As the Debtor's request for sanctions was improperly raised in Debtor's Response and not brought by a separate motion as is required under W.PA.LBR. 9013-1(c), this Court will not rule on the merits of the request for sanctions herein. However, even if properly raised, the Court notes that sanctions do not appear to be warranted at this time.